T.C. Memo. 2012-240

UNITED STATES TAX COURT

NICOL CHVERNE HILDA WATLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14371-11.                    Filed August 22, 2012.

Nicol Chverne Hilda Watley, pro se.

<u>Amitai B. Barth</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $4,048 in
petitioner's Federal income tax for taxable year 2009.

**[*2]**  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for consideration are:  (1) whether petitioner is entitled to dependency exemption deductions for her sister's two children; (2) whether petitioner is entitled to file as head of household; (3) whether petitioner is entitled to additional child tax credits relating to these two children, and (4) whether petitioner is entitled to an earned income credit.

FINDINGS OF FACT

Some of the facts are stipulated, and they are so found.  At the time of filing, petitioner resided in New York.

During 2009 petitioner worked at a supermarket and earned income of $8,187.  Petitioner is the sister of Masani Gregory, who has two children, Z.G. and D.S.[1]  Z.G., a girl, was born in 1996.  D.S., a boy, was born in 2001.  Z.G. and D.S. resided in Ms. Gregory's residence from the beginning of 2009 through September 9, 2009.  On September 9, 2009, Z.G. and D.S. were removed from the home of Ms. Gregory and placed in the custody of petitioner.  Ms. Gregory claimed Z.G. as a dependent on her 2009 tax return.

---

[1]The Court redacts the names of minor children.  See Rule 27(a)(3).

**[*3]**   Petitioner filed Form 1040A, U.S. Individual Income Tax Return, for her taxable year 2009.  In that return petitioner reported total income of $8,187 and claimed:  (1) dependency exemption deductions for Z.G. and D.S., (2) head of household filing status, (3) additional child tax credits for Z.G. and D.S., and (4) an earned income credit.

Respondent issued to petitioner a notice of deficiency for her taxable year 2009.  In that notice respondent disallowed petitioner's claimed:  (1) dependency exemption deductions for Z.G. and D.S., (2) head of household filing status, (3) additional child tax credits, and (4) earned income credit.

## OPINION

Burden of Proof

Petitioner has the burden of proving that respondent's determinations in the 2009 notice of deficiency are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

Dependency Exemption Deductions

Section 151 provides that an individual is entitled to annual exemption deductions for his or her dependents.  A taxpayer may claim a dependency

---

[2]Petitioner has not claimed and the record does not suggest that sec. 7491(a) applies to shift the burden of proof to respondent with regard to any factual issue.

**[*4]** exemption deduction with respect to an individual who is either a "qualifying child" or a "qualifying relative". Secs. 151(c), 152(a).

We turn first to whether Z.G. and D.S. are qualifying children for petitioner's taxable year 2009. To be taxpayer's "qualifying child" an individual must: (1) bear a specified relationship to the taxpayer; (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet certain age requirements; and (4) have not provided over one-half of his or her own support for the year. Sec. 152(c)(1).

For purposes of section 152(c)(1)(C) an individual meets the age requirements if that individual is under age 19. See sec. 152(c)(3)(A)(i). Respondent concedes that for the 2009 taxable year the children met the age requirements of section 152(c)(3) and did not provide more than one-half of their own support.

For Z.G. and D.S. to be treated as qualifying children of petitioner, they need to meet the relationship requirement. See sec. 152(c)(1)(A). A descendant of a brother, sister, stepbrother, or stepsister of the taxpayer meets the relationship requirement. Sec. 152(c)(2)(B). Z.G. and D.S. are the children of petitioner's sister, and therefore the relationship requirement is met.

**[*5]**  To claim Z.G. and D.S. as qualifying children, petitioner must have had the same principal place of abode as Z.G. and D.S. for more than one-half of 2009. See sec. 152(c)(1)(B).

The parties stipulated that Z.G. and D.S. resided in the home of petitioner's sister, Ms. Gregory, from the beginning of 2009 though September 9, 2009. However, at trial petitioner contended that Z.G. and D.S. started living with her in July 2009, when Ms. Gregory left for Jamaica. Petitioner's testimony was unclear regarding the exact date the children began living with her. At one point petitioner testified that the children had been in her care since August 2009.

Even though the parties stipulated that Z.G. and D.S. were removed from the home of Ms. Gregory and placed in the custody of petitioner on September 9, 2009, petitioner relied upon the initial child safety conference decision summary (summary) dated September 9, 2009, to contend that the children began living with her in July. The summary states that Ms. Gregory has been in Jamaica since July 21, 2009, and that Z.G. and D.S. had been left alone and were found unsupervised on September 3, 2009, at the residence of Ms. Gregory. Petitioner contended that the children were staying with her but were too tired to return to her apartment on the evening of September 3, 2009. The summary stated that the children were too tired to return to petitioner's residence that evening. However,

**[\*6]** it is unclear from the summary when the children started living with petitioner. At the September 9, 2009, conference, it was decided that Z.G. and D.S. were to be placed in the care of petitioner.

Petitioner did not introduce documents that showed the children lived with her before September of 2009.[3] Even if the children were living with her in July 2009 as petitioner contended, the requirement to have lived at the same principal place of abode for more than one-half the year would not be met.

Petitioner was not able to establish that she had the same principal place of abode as Z.G. and D.S. for more than one-half of 2009. Therefore, Z.G. and D.S. are not petitioner's qualifying children under section 152(c).

---

[3]Petitioner introduced a letter from DU First Realty Co. to the New York City Housing Authority. The letter transfers petitioner's mother's apartment to petitioner and states that petitioner will reside with two minors, Z.G. and D.S. The letter is dated February 5, 2009. Petitioner testified that she took possession of the apartment upon her mother's death. Her mother died on April 3, 2010. Petitioner testified that the management company had the wrong date on the letter. Respondent objected on the grounds of hearsay and further argued that the document is misleading because of the 2009 date. The Court reserved ruling on respondent's objection. Respondent's objection is sustained on the grounds of hearsay. Under Fed. R. Evid. 801(c), hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." In any event, this document is not persuasive to show that Z.G. and D.S. were living with petitioner for over one-half of 2009.

**[\*7]**   We turn now to whether Z.G. and D.S. are qualifying relatives of petitioner for taxable year 2009.  The relationship test of section 152(d)(2) is met since Z.G. and D.S. are the children of petitioner's sister.  <u>See</u> sec. 152(2)(d)(E).  To claim Z.G. and D.S. as qualifying relatives, petitioner must show that she has furnished over half of their support for the 2009 tax year.  <u>See</u> sec. 152(d)(1)(C).  Petitioner failed to do so.  Petitioner did not introduce documents showing that she paid expenses related to Z.G. and D.S..  Petitioner also did not show the total amount of child support furnished to Z.G. and D.S. by all sources for 2009.  We are unable to conclude that petitioner provided over half of the support for Z.G. and D.S. for 2009.  <u>See</u> <u>Blanco</u> <u>v. Commissioner</u>, 56 T.C. 512, 514-515 (1971).

We conclude that petitioner does not meet the requirements of section 152(c)(1)(B) or (d)(1)(C).  Therefore, petitioner is not entitled to dependency exemption deductions for Z.G. and D.S. for 2009.

<u>Filing Status</u>

Section 1(b) provides a special tax rate for an individual who qualifies as a head of household.  Section 2(b) provides the requirements for head of household filing status.  In order to qualify as a head of a household, petitioner must have been unmarried at the end of 2009 and maintained a household that was the principal place of abode for at least one dependent for more than one-half of the

[*8] taxable year. See sec. 2(b)(1)(A). Petitioner does not satisfy the requirements of section 2(b) because she has not shown Z.G. and D.S. were her dependents for 2009. Thus, petitioner must use single filing status in calculating her 2009 tax liability.

Additional Child Tax Credits

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer. Section 24 (c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17." The child tax credit may not exceed the taxpayer's regular tax liability. Sec. 24(b)(3). Where a taxpayer is eligible for the child tax credit, but the taxpayer's regular tax liability is less than the amount of the child tax credit potentially available under section 24(a), section 24(d) makes a portion of the credit, known as the additional child tax credit, refundable.

Since Z.G. and D.S. are not qualifying children within the meaning of section 152(c)(1), petitioner is not entitled to additional child tax credits.

Earned Income Credit

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's income tax liability. The amount of credit varies depending on whether the taxpayer has one qualifying child, two qualifying

**[*9]** children, three or more qualifying children, or no qualifying children. Sec. 32(b). A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3)(A).

As we previously found, Z.G. and D.S. are not petitioner's qualifying children; thus, she is not entitled to an earned income credit amount based upon her having two qualifying children.

To be eligible for an earned income credit as a taxpayer with no qualifying children, a taxpayer must meet the following requirements: (1) have a principal place of abode in the United States for more than one-half of the taxable year; (2) have attained the age of 25 but not have attained age 65 before the close of the taxable year; and (3) not be a dependent of another taxpayer. Sec. 32(c)(1)(A)(ii). Petitioner's modified adjusted income for 2009 does not exceed the section 32(a)(2) limitation of $13,440 for 2009. Petitioner meets the eligibility requirements for an earned income credit based on no qualifying children, and therefore her earned income credit should be recomputed.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.