**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-32

UNITED STATES TAX COURT

TIMOTHY ROBERT HOLMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25078-11S.                    Filed April 22, 2013.

<u>Robert G. Nassau</u> and E. Peter Frick, for petitioner.

<u>Luanne S. DiMauro</u> and <u>Debra Lynn Reale</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $3,251 deficiency in petitioner's 2009 Federal income tax.

The issues for decision are: (1) whether petitioner is entitled to two dependency exemption deductions; (2) whether petitioner may claim head of household filing status; (3) whether petitioner is entitled to an earned income credit of $2,690;[2] and (4) whether petitioner is entitled to an additional child tax credit of $561.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in New York.

Petitioner and his former wife were married on June 19, 2004. Their daughter G was born August 2, 2005. Petitioner and his former wife separated in September 2006. Shortly after the separation petitioner and his former wife began to share custody of G.

---

[2]The parties agree that if the Court rules in favor of respondent, petitioner will be entitled to an earned income tax credit of $457 with a resulting deficiency of $2,794.

On December 19, 2006, the State of New York Family Court, County of Wayne, issued an order of visitation and custody (court order) giving petitioner and his former wife joint custody of G, "with primary physical residency to be with" petitioner's former wife, and granting petitioner "reasonable and liberal rights of visitation with the minor child as can be agreed upon between the parties. All holidays shall be split between the parties as can be agreed upon between" petitioner and his former wife.

On February 17, 2007, petitioner's former wife gave birth to their son O.

Petitioner and his former wife were divorced in 2008. In a findings of fact and conclusions of law ancillary relief filed May 21, 2008, by the State of New York Supreme Court, County of Wayne, the court stated that the parties (petitioner and his former wife) agreed that the terms of the previous court order giving the former wife primary custody of G remain in effect and that petitioner and his former wife "shall share joint custody of the parties' son, O, with the Mother having primary physical residency." Petitioner was given "reasonable and liberal visitation as can be mutually agreed upon between the parties."

During 2009 petitioner and his former wife shared custody of G and O. However, in their testimony they disagreed about the number of days in 2009 that G and O spent at their respective homes. Neither petitioner nor his former wife

had written records showing the days that G and O spent at their respective residences.

## Discussion

The statutory requirements for dependency exemptions, head of household filing status, earned income credit, and additional child tax credit are interrelated. See secs. 151, 152, 1(b), 2(b), 32, 24. We need not discuss all of the statutory requirements because the parties are in agreement that petitioner meets all of the statutory requirements but one. The only disputed requirement, which controls each of the issues, is whether petitioner and his two children had the same principal place of abode for more than one-half of the taxable year 2009. See sec. 152(c)(1)(B).[3]

At trial petitioner testified that during 2009 he shared custody of his two children with his former wife. He testified that their arrangement was to evenly divide the number of nights that the children would spend with each parent and that during odd numbered years, such as 2009, the children would spend holidays with him. He also testified that during 2009 the children spent two weeks with

---

[3]For a more complete explanation of the statutory requirements for each of the issues, see Watley v. Commissioner, T.C. Memo. 2012-240.

him while his former wife was on vacation. Petitioner argues that during 2009 the children spent at least 191 nights with him.

Petitioner's former wife testified that during 2009 the children primarily lived with her but that petitioner had the children every other weekend from Friday night to 6:30 p.m. Monday and that on opposite weeks petitioner had the children on Monday nights. She acknowledged that in odd numbered years, such as 2009, petitioner had the children on holidays. She also testified that in 2009 petitioner had the children during the time she took a one-week vacation. If petitioner's former wife's testimony is correct, the children's principal place of abode during 2009 was with her.

The parties agree that petitioner bears the burden of proof. See Rule 142(a); Welch v. Helvering, 209 U.S. 111, 115 (1933).

Petitioner and his former wife both appeared credible during their testimony. If their testimony were the only evidence in the record, the evidence would be in equipoise and the party with the burden of proof would lose. However, in this case we also have two court orders that gave primary custody to petitioner's former wife. We find this to be sufficient to tilt the evidence against

petitioner.  We find that neither G nor O had the same principal place of abode as petitioner during 2009.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent for a deficiency</u>

<u>of $2,794</u>.