**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-88

UNITED STATES TAX COURT

JAMES EDWARD ROBERTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26599-13S.                    Filed September 4, 2014.

James Edward Roberts, pro se.

<u>Beth A. Nunnink</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined an $8,724 deficiency in petitioner's 2012 Federal income tax and a $1,744.80 accuracy-related penalty under section 6662(a). At trial respondent conceded the section 6662(a) accuracy-related penalty. The issues for decision are: (1) whether petitioner is entitled to dependency exemption deductions for his three grandchildren for the 2012 tax year; (2) whether petitioner's grandchildren are qualifying children for purposes of the earned income credit and child tax credit for the 2012 tax year; and (3) whether petitioner is entitled to head of household filing status for the 2012 tax year.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner resided in Tennessee at the time he filed his petition.

Sometime in January 2012 petitioner's daughter and her two children, J.A.S. and B.M.S., became homeless. In 2012 J.A.S. was four years old and B.M.S. was two years old. Petitioner's daughter gave birth to a third child, J.Z.S., on March 28, 2012.

During 2012 Tammy Moody (Ms. Moody) leased a one-bedroom apartment in Powell, Tennessee (apartment). On January 16, 2012, petitioner entered into an agreement with Ms. Moody whereby petitioner and his three grandchildren would reside with Ms. Moody at the apartment. In relevant part, the agreement states:

> This is an agreement between Tammy Moody and * * * [petitioner]. [Petitioner] agrees to pay 75% rent and utilities and bear full cost of meals, etc.

Both petitioner and Ms. Moody signed and dated the agreement.

Petitioner and his two grandchildren, J.A.S. and B.M.S., moved into the apartment in January 2012. J.Z.S. began living in the apartment after March 28, 2012. Petitioner complied with the agreement to provide rent, utilities, and meals. Petitioner and his three grandchildren lived in the apartment until October 2012. During the period between January 16, 2012, and October 2012 petitioner's daughter also sometimes lived in the apartment and provided nonmonetary care for the three children. Ms. Moody also provided care for the three children when petitioner and petitioner's daughter were not at the apartment. Expenses that Ms. Moody incurred in caring for the grandchildren were reimbursed by petitioner.

Petitioner timely filed his 2012 Federal income tax return. In his return petitioner reported adjusted gross income of $30,833 and claimed head of household filing status and dependency exemption deductions for his three

grandchildren.  In addition, petitioner claimed each of the three grandchildren as qualifying children for purposes of the earned income credit and child tax credit.

On August 12, 2013, respondent issued to petitioner a notice of deficiency for the 2012 tax year.  The adjustments in the notice of deficiency were due to lack of substantiation.  Petitioner timely filed a petition disputing the determinations in the notice of deficiency.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on the return.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

## I.  Dependency Exemption Deductions

Section 151(a) and (c) provide taxpayers with an annual deduction for each "dependent".  The Code defines a "dependent" as either a "qualifying child" or a "qualifying relative".  Sec. 152(a)(1) and (2).  This requirement is disjunctive, and therefore a taxpayer can appropriately claim an individual as a dependent by

satisfying the criteria for either a qualifying child or a qualifying relative. <u>See, e.g.</u>, <u>Watley v. Commissioner</u>, T.C. Memo. 2012-240, at *5-*7.

In order for an individual to be a qualifying child of a taxpayer, section 152(c) requires that the individual: (1) bear a specified relationship to the taxpayer; (2) share the same abode as the taxpayer for more than one-half of the taxable year; (3) meet specified age requirements; and (4) not have provided over one-half of his or her own support for the tax year. Sec. 152(c)(1)(A)-(E).[2] Respondent concedes that petitioner's grandchildren meet both the relationship requirement under section 152(c)(1)(A) (i.e., they are the children of petitioner's daughter) and the age requirement under section 152(c)(1)(C) (i.e., the grandchildren were under 19 years of age at the close of the tax year). Therefore, in order to resolve this dispute we need only determine whether petitioner's grandchildren meet the requirements of section 152(c)(1)(B) and (D).

Section 152(c)(1)(B) requires that a qualifying child must have "the same principal place of abode as the taxpayer for more than one-half of such taxable year". Based on our previous findings of fact, petitioner has established this requirement.

---

[2]Respondent does not dispute the requirement of sec. 152(c)(1)(E).

Section 152(c)(1)(D) requires that the grandchildren "ha[ve] not provided over one-half of * * * [their] own support" for the 2012 tax year. We find that petitioner has met this requirement. We conclude that petitioner has met the requirements of section 152(c)(1)(B) and (D), and therefore petitioner's three grandchildren constitute qualifying children for the 2012 tax year. Accordingly, petitioner is entitled to dependency exemption deductions for his three grandchildren for 2012.

## II. Earned Income Credit

Section 32(a)(1) permits an "eligible individual" an earned income credit against that individual's income tax liability. The amount of the credit varies depending on whether the taxpayer has one qualifying child, two or more qualifying children, or no qualifying children. Sec. 32(b). A "qualifying child" under section 32(b) means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3)(A). As held above, J.A.S., B.M.S., and J.Z.S. are petitioner's qualifying children for the 2012 tax year. Accordingly, petitioner is entitled to an earned income credit based upon three qualifying children for 2012.

## III. Child Tax Credit

Section 24(a) entitles a taxpayer to a child tax credit for each qualifying child as described in section 152(c). As held above, J.A.S., B.M.S., and J.Z.S. are

petitioner's qualifying children for the 2012 tax year.  Therefore, petitioner is entitled to child tax credits for the 2012 tax year.

IV.  Filing Status

Section 1(b) provides a special tax rate for a taxpayer who qualifies as a head of household.  Section 2(b) provides the requirements for head of household filing status.  In order to qualify as a head of household, among other things, a taxpayer must have maintained as his or her home a household that was the principal place of abode for at least one dependent for more than one-half of the taxable year.  See sec. 2(b)(1).  This is the only requirement in issue in this case.  Petitioner satisfies the requirements of section 2(b) because, as discussed above, he maintained a household and J.A.S., B.M.S., and J.Z.S. were his dependents for 2012.  Thus, petitioner is entitled to head of household filing status in calculating his 2012 tax liability.

To reflect the foregoing,

Decision will be entered

for petitioner.