T.C. Memo. 2014-63

UNITED STATES TAX COURT

BRAD S. HERSHBERGER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 279-12, 280-12,
281-12.

Filed April 8, 2014.

Brad S. Hershberger, pro se.

Jamie M. Stipek, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: Respondent determined the following deficiencies and penalties in these consolidated cases with respect to petitioner's Federal income tax for tax years 2006, 2007, and 2008:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2006 | $8,368 | $1,674 |
| 2007 | 6,890 | 1,378 |
| 2008 | 855 | 171 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

After concessions, the issues for consideration are whether petitioner (1) received rental income greater than the rental income he reported on his Schedules E, Supplemental Income and Loss, for tax years 2006 and 2007; (2) is entitled to deduct repair expenses he reported on his Schedules E for tax years 2006 and 2007; (3) is entitled to deduct charitable contributions he reported on his Schedules A, Itemized Deductions, for tax years 2006, 2007, and 2008; and (4) is liable for accuracy-related penalties under section 6662(a) for tax years 2006, 2007, and 2008.

[*3]                         FINDINGS OF FACT

Some of the facts are stipulated and are so found.  Petitioner resided in Kansas when he filed the petitions.  Petitioner worked for Cessna Airport, Inc., during 2006, 2007, and 2008.

On January 8, 2009, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for tax year 2006.  On his Schedule A petitioner claimed a deduction for charitable cash contributions of $8,100.  On his Schedule E petitioner listed ownership of three residential rental properties in Wichita, Kansas, located on the following streets:  E. Gilbert (Gilbert property), Allen (Allen property), and Ellis (Ellis property).  Petitioner reported rental income from the Gilbert property, the Allen property, and the Ellis property of $3,270, $3,100, and $3,120, respectively.  Petitioner reported repair expenses in connection with the Gilbert property, the Allen property, and the Ellis property of $6,231, $5,972, and $6,103, respectively.

On February 10, 2009, petitioner filed a Form 1040 for tax year 2007.  On his Schedule A petitioner claimed a deduction for charitable cash contributions of $9,000.  On his Schedule E petitioner listed continued ownership of the Gilbert property, the Allen property, and the Ellis property.  Petitioner reported rental income from the Gilbert property, the Allen property, and the Ellis property of $3,223, $3,127, and $3,152, respectively.  Petitioner reported repair expenses in

[*4] connection with the Gilbert property, the Allen property, and the Ellis property of $6,314, $5,817, and $6,099, respectively.

Petitioner filed timely a Form 1040 for tax year 2008. On July 13, 2009, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for tax year 2008. On his Schedule A petitioner claimed a deduction for charitable cash contributions of $5,720.

On September 21, 2011, respondent issued petitioner a notice of deficiency for tax years 2006, 2007, and 2008. Respondent disallowed petitioner's repair expense and charitable contribution deductions for lack of substantiation and included additional rental income because of unexplained deposits in petitioner's bank account records.

OPINION

I.     Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not claimed or shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent on any relevant factual issues.

**[*5]**   Taxpayers must maintain records adequate to substantiate their income and deductions.  Sec. 6001.  These records should be sufficient to establish the amount of the gross income or other items shown on the tax return.  Sec. 1.6001-1(a), Income Tax Regs.  The taxpayer shall retain these records as long as they may become material in the administration of the Internal Revenue Code.  Sec. 1.6001-1(e), Income Tax Regs.

II.   Unreported Income

Section 61(a) defines gross income as "all income from whatever source derived" unless otherwise provided.  Respondent reconstructed petitioner's rental income for tax years 2006 and 2007 using the bank deposits method.  Where the taxpayer fails to keep sufficient records under section 6001, the Commissioner may compute taxable income through a method that "does clearly reflect income".  Sec. 446(b); Petzoldt v. Commissioner, 92 T.C. 661 (1989).

The Commissioner's use of the bank deposits method has long been approved when the taxpayer fails to keep sufficient records under section 6001.  Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978); see also Good v. Commissioner, T.C. Memo. 2012-323, at *25.  This method "assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take into account any nontaxable source

[*6] or deductible expense of which it has knowledge." Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994). The bank deposits method provides prima facie evidence of income, and the Commissioner is not required to prove the likely source of the income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). The taxpayer shoulders the burden of establishing that items "should be excluded from income or allowed as deductions." Gemma v. Commissioner, 46 T.C. 821, 833 (1966); see also Clayton v. Commissioner, 102 T.C. at 645.

Respondent produced copies of petitioner's Bank of America records for tax years 2006 and 2007. The bank records indicate that petitioner made the following bank deposits on the following dates:

| Date | Deposit amount |
| --- | --- |
| Sept. 5, 2006 | $2,500 |
| Sept. 15, 2006 | 4,000 |
| Dec. 11, 2006 | 7,000 |
| June 12, 2007 | 12,000 |

Respondent contends that these deposits were additional rental income that petitioner did not report on his Forms 1040. Petitioner testified that the bank deposits were all derived either from paychecks for wages he received from Cessna Airport, Inc., and reported on his Forms 1040 or checks he received from

[*7] the U.S. Treasury as refunds of Federal tax. Petitioner did not provide documents to corroborate his testimony. Petitioner did not call any witnesses to corroborate his testimony. The record is devoid of any evidence, other than petitioner's testimony, that the deposits were excludible from income or allowable as deductions. Petitioner's unsupported testimony is insufficient to meet his burden. We sustain respondent's determinations with respect to petitioner's unreported rental income.

III.    Rental Repair Deductions

Deductions are a matter of legislative grace, and the taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Section 212(2) allows for a deduction of all the ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income. A taxpayer may deduct properly substantiated repair expenses for properties held out for rent under section 212.

A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been

**[*8]** paid or incurred. Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976).

Petitioner produced receipts for 2006 and 2007 that he contends substantiate his repair expenses. These receipts are vague and do not include the nature and date of the repairs, the name of the individual or company that performed the repairs, the details concerning what work was performed, or the type of materials used in the repairs. The receipts were printed on blank paper rather than on the official letterhead of a business. Petitioner testified that a man named Juan Rodriguez made the repairs and prepared the receipts in 2006 and that a man named Jose Martinez made the repairs and prepared the receipts in 2007. Petitioner did not call either Mr. Rodriguez or Mr. Martinez as a witness to verify the cost of the repairs or to authenticate the receipts, and therefore respondent did not have an opportunity to cross-examine them. Petitioner's uncorroborated and vague receipts are not credible. We sustain respondent's disallowance of petitioner's repair expense deductions.

IV.   <u>Charitable Contributions</u>

Section 170(a)(1) allows a deduction for contributions to charitable organizations defined in section 170(c). Section 170(f)(8) provides substantiation requirements for certain charitable contributions. Specifically, section

**[*9]** 170(f)(8)(A) provides: "No deduction shall be allowed under subsection (a) for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that meets the requirements of subparagraph (B)." For donations of money the donee's written acknowledgment must state the amounts contributed, indicate whether the donee organization provided any goods or services in consideration for the contribution, and provide a description and a good-faith estimate of the value of any goods or services provided by the donee organization. See sec. 179(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs. Section 170(f)(17) provides: "No deduction shall be allowed under subsection (a) for any contribution of a cash, check, or other monetary gift unless the donor maintains as a record of such contribution a bank record or a written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution." Section 170(f)(17) is effective only for charitable contributions made in tax years beginning after September 17, 2006. Section 170(f)(17) applies to petitioner for tax years 2007 and 2008. For tax year 2006, section 1.170A-13(a)(1)(iii), Income Tax Regs. requires in the absence of a canceled check the name of the donee, the date of the contribution, and the amount of the contribution. Respondent argues that

**[*10]** petitioner is not entitled to deduct charitable contribution reported on his Schedules A because none of the contributions were substantiated. Petitioner testified that the charitable contributions were the result of a tithe that he paid to his church. Petitioner provided no receipts, bank records, or documentation showing the donee and date of the contribution for any tax year in issue. We sustain respondent's disallowance of petitioner's charitable contribution deductions.

## V.     Accuracy-Related Penalties

Respondent determined that for each year in issue petitioner is liable for an accuracy-related penalty pursuant to section 6662(a). Section 6662(a) provides a penalty for an underpayment attributable to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1).

The Commissioner bears the burden of production regarding the taxpayer's liability for any penalty. Sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner has met this burden, the taxpayer must provide persuasive evidence that the Commissioner's determination was incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, to exercise due care, or to do

**[*11]** what a reasonable and prudent person would do under the circumstances. Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Respondent has demonstrated that petitioner failed to keep accurate records with respect to his rental income, rental repair expenses, and charitable contributions. Respondent has shown that petitioner acted negligently with respect to 2006, 2007, and 2008.

The accuracy-related penalty does not apply with respect to any portion of an underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). For purposes of section 6664(c) a taxpayer may be able to establish reasonable cause and good faith by showing reliance on professional advice. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner testified that his Forms 1040 for 2006, 2007, and 2008 were prepared by his accountant. Petitioner did not call his accountant to testify, and petitioner could not recall what documents he provided to his accountant to prepare his returns. Petitioner has failed to provide evidence that his accountant was a competent professional with sufficient expertise and that he provided the accountant with necessary and accurate information. See Neonatology Assocs.,

**[\*12]** <u>P.A. v. Commissioner</u>, 115 T.C. 43, 99 (2000), <u>aff'd</u>, 299 F.3d 221 (3d Cir. 2002). Petitioner did not show reasonable cause for failing to keep adequate books and records in order to substantiate items properly. We hold that for each year in issue petitioner is liable for a section 6662(a) penalty for negligence.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155 at docket No. 279-12</u>.

<u>Decisions will be entered for</u>

<u>respondent at docket Nos. 280-12</u>

<u>and 281-12</u>.