T.C. Memo. 2021-50

UNITED STATES TAX COURT

VIOLA CHANCELLOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20389-18.　　　　　　　　　Filed May 4, 2021.

Viola Chancellor, pro se.

<u>Mark A. Nelson</u> and <u>Sarah A. Herson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

URDA, <u>Judge</u>:　Petitioner, Viola Chancellor, challenges the determination of

the Internal Revenue Service (IRS) of a $3,521 deficiency in her 2015 Federal

[*2] income tax.[1] Ms. Chancellor argues that the IRS erred in disallowing deductions she claimed for certain business expenses, charitable contributions, and State and local tax. We find that Ms. Chancellor has failed to adequately substantiate her claimed deductions, and we sustain the determinations subject to respondent's concessions.[2]

## FINDINGS OF FACT

This case was tried in Los Angeles, California. We draw the following facts from the parties' stipulations and supporting exhibits, as well as the testimony presented at trial. Ms. Chancellor lived in Nevada when she timely filed her petition.

A.    Ms. Chancellor's Work in 2015

Ms. Chancellor received $400 as a notary and a paralegal during 2015. In her capacity as a notary Ms. Chancellor worked primarily for veterans, free of charge, although she twice notarized documents for pay. As a paralegal

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All amounts are rounded to the nearest dollar.

[2]In his posttrial brief respondent concedes that Ms. Chancellor is entitled to deduct (1) advertising expenses of $25, (2) supply expenses of $120, and (3) general sales tax to the extent provided by the IRS optional sales tax tables.

**[*3]** Ms. Chancellor prepared filings and performed research for two paying clients and another two clients who did not pay her. Ms. Chancellor also worked on probate proceedings for her late brother's estate during that year.

B.    Ms. Chancellor's 2015 Tax Return and the IRS Examination

Ms. Chancellor timely filed Form 1040, U.S. Individual Income Tax Return, for her 2015 tax year, reporting total Federal income tax of $252. She determined this tax amount on the basis of taxable pensions and annuities of $39,694, itemized deductions of $14,339, and a business loss of $18,850.

Ms. Chancellor attached two schedules to her tax return. On Schedule A, Itemized Deductions, she claimed deductions for, inter alia, charitable contributions of $6,000 in cash contributions and $500 in noncash contributions and a State and local tax deduction of $4,500. On Schedule C, Profit or Loss From Business, she reported business income of $400 and expenses of $19,250. In particular she reported the following expenses: advertising ($80), car and truck ($12,600), insurance ($1,030), legal and professional services ($700), supplies ($120), deductible meals and entertainment ($1,480), utilities ($920), and other ($2,320).[3]

---

[3]Ms. Chancellor mistakenly included as wages on Schedule C expenses of $2,200 for computer and internet and $120 to maintain a post office box. We will refer to these items as other expenses.

**[\*4]**  The IRS thereafter disallowed Ms. Chancellor's deductions for charitable contributions and State and local tax.  The IRS further disallowed all of her claimed business expense deductions, determining that she had failed to establish that the expenses were paid during the taxable year or that they were ordinary and necessary to her business.  The IRS subsequently sent Ms. Chancellor a timely notice of deficiency for her 2015 tax year determining a deficiency of $3,521.

OPINION

I.     General Legal Principles

A.     Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer generally bears the burden to prove them incorrect.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Although section 7491(a)(1) shifts the burden of proof to the Commissioner in certain defined circumstances, Ms. Chancellor does not contend, and the evidence does not establish, that it does so here.  The burden thus remains with Ms. Chancellor.

B.     Recordkeeping

When deductions are in dispute, the taxpayer must satisfy the specific requirements for any deduction claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Furthermore, a taxpayer is required to maintain records

[*5] sufficient to substantiate items underlying her claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; see also sec. 1.6001-1(e), Income Tax Regs. ("The books or records * * * shall be retained so long as the contents thereof may become material in the administration of any internal revenue law."). The failure to keep and present accurate records counts heavily against the taxpayer's attempted proof. See Rogers v. Commissioner, T.C. Memo. 2014-141, at *17.

If a taxpayer's records are lost or destroyed through circumstances beyond her control, she may substantiate expenses through reasonable reconstruction. See Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). While "the inability to produce a record which is unintentionally lost, whether by * * * [the taxpayer] or by a third party, alters the type of evidence which may be offered to establish a fact," it does not affect the burden of proving a fact. Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979); see also Rule 143. Crucial to this reconstruction is that the secondary evidence be credible. See, e.g., Boyd v. Commissioner, 122 T.C. at 320. If no other documentation is available, the Court may, but is not required to, accept credible testimony of a taxpayer to substantiate an expense. Id.

[*6] II.      Itemized Deductions

    A.      Charitable Contributions

Section 170(a)(1) allows as a deduction any contribution made within the taxable year to a donee organization described in section 170(c). Such deductions are allowable only if the taxpayer satisfies statutory and regulatory substantiation requirements. See sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs.; see also Ayissi-Etoh v. Commissioner, T.C. Memo. 2018-107, at *11. The nature of the required substantiation depends on the type and size of the contribution. For contributions of cash, check, or other monetary gift, a donor must maintain "as a record of such contribution a bank record or a written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution." Sec. 170(f)(17). Otherwise, a donor must maintain "reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution" in the absence of a "canceled check or receipt from the donee charitable organization". Sec. 1.170A-13(a), Income Tax Regs.; see also Hershberger v. Commissioner, T.C. Memo. 2014-63, at *9 (recognizing that the enactment of section 170(f)(17) effectively superseded section 1.170A-13(a)(1)(iii), Income Tax Regs., for monetary gifts).

**[\*7]**  Ms. Chancellor has claimed a charitable contribution deduction of $6,000 in cash contributions and $500 in expenditures incident to volunteer work for her church.  For an allowable deduction in either regard, a taxpayer must maintain reliable records indicating the donee organization as well as the value and date of the contribution.  See sec. 170(f)(17); Van Dusen v. Commissioner, 136 T.C. 515, 531 (2011) (holding that section 1.170A-13(a), Income Tax Regs., supplies the substantiation rules for expenditures incident to charitable work).[4]

Ms. Chancellor has substantiated neither.  As to the purported cash contributions, she introduced no documentation showing the donees, the dates, or the values of the donations.  Instead, she merely testified that she "had * * * people that I was charitable to" with respect to money, including "helping with my family."  Ms. Chancellor likewise introduced no substantiation of the amounts or dates of expenditures supposedly incurred incident to volunteer work for her church.  Given the failure to substantiate either the cash contributions or the

---

[4]Although no deduction is allowed for volunteer work, "unreimbursed expenditures made incident to the rendition of services to an organization contributions to which are deductible may constitute a deductible contribution." Van Dusen v. Commissioner, 136 T.C. 515, 522-523 (2011) (quoting sec. 1.170A-1(g), Income Tax Regs.).  "A taxpayer must substantiate the amounts of unreimbursed expenses incurred while rendering services to a charity in order for the expenses to be deductible." Oliveri v. Commissioner, T.C. Memo. 2019-57, at \*27.

**[\*8]** volunteer expenditures as required by section 170(f)(17) and section 1.170A-13(a), Income Tax Regs., Ms. Chancellor is not entitled to the charitable contribution deduction claimed on her 2015 tax return.

      B.    State and Local Tax

"Section 164 provides the rules under which taxpayers choosing to use itemized deductions may deduct certain taxes." Figures v. Commissioner, T.C. Memo. 2012-296, at \*11. Section 164(a)(3) allows a deduction for State and local income taxes paid during the taxable year. Section 164(b)(5)(A) permits a taxpayer to elect to deduct State and local general sales taxes in lieu of State and local income taxes. "A taxpayer may deduct the actual amount of sales taxes paid, which would require substantiation." Figures v. Commissioner, at \*11-\*12. "Alternatively, the Commissioner, as a matter of administrative convenience, permits taxpayers to calculate the amount of the deduction by using the guidelines" the IRS publishes in the Optional State and Certain Local Sales Tax Tables. See id. at \*12; see also sec. 164(b)(5)(H).

Ms. Chancellor claimed a State and local tax deduction of $4,500 on her Schedule A, testifying at trial that she had paid sales tax when replacing certain items that had been stolen. Ms. Chancellor, however, failed to substantiate the actual amount of sales tax paid. Respondent nonetheless concedes that she is

[*9] entitled to a deduction on Schedule A for general sales tax based on the optional sales tax tables, and thus she will be permitted a deduction to that extent.[5] See Beaubrun v. Commissioner, T.C. Memo. 2015-217, at *12-*13; see also Figures v. Commissioner, at *12.

## III.    Business Expense Deductions

### A.    Legal Background

Section 162(a) permits a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". "A taxpayer's general statement that expenses were paid in pursuit of a trade or business is insufficient to establish that the expenses had a reasonably direct relationship to any such trade or business." Sham v. Commissioner, T.C. Memo. 2020-119, at *58. Personal expenses are generally not allowed as deductions. See sec. 262(a). The taxpayer bears the burden of substantiating

---

[5]Because Ms. Chancellor's sales tax deduction will be based, in part, on her 2015 adjusted gross income (taking into account the parties' concessions and our findings and holdings herein), the actual amount of her deduction will be determined pursuant to the parties' Rule 155 computations.

[*10] expenses underlying her claimed deductions. See Rule 142(a); sec. 1.6001-1(a), (e), Income Tax Regs.

Section 274(d) establishes higher substantiation requirements for expenses related to travel, meals, and lodging while away from home, entertainment, gifts, and "listed property", defined in section 280F(d)(4) to include passenger automobiles and computers--i.e., many of the reported expenses at issue here. Section 274(d) provides that no deduction or credit under section 162 or 212 shall be allowed for these expenses unless the taxpayer substantiates the amount, time and place, business purpose, and business relationship to the taxpayer of the person receiving the benefit for each expenditure by adequate records or sufficient evidence corroborating his own statements. See also sec. 1.274-5T(a), (b), and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46017 (Nov. 6, 1985).

Ms. Chancellor has urged that we apply the "Cohan rule", derived from Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Under that rule, if a taxpayer adequately establishes that she paid or incurred a deductible expense but does not establish the precise amount, then the Court may in some instances estimate the allowable deduction. See id. But the taxpayer must provide some basis for such an estimate. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). In making an estimate under the Cohan rule, the Court "bear[s] heavily

[*11] * * * upon the taxpayer whose inexactitude is of his own making." <u>Cohan v. Commissioner</u>, 39 F.2d at 544. A court may not apply the <u>Cohan</u> rule to approximate expenses covered by section 274(d). <u>See</u> <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969).

B.     <u>Analysis</u>

Ms. Chancellor testified at trial that she conducted business as both a notary and a paralegal in 2015, receiving $400 and reporting $19,250 in business expenses. Respondent does not challenge that Ms. Chancellor's activities constituted a trade or business but instead argues that she failed to substantiate each reported expense.

1.     <u>Expenses Subject to Section 274(d) Requirements</u>

a.     <u>Meal and Entertainment Expenses</u>

Ms. Chancellor reported on Schedule C meal and entertainment expenses of $1,480, which represented every meal that she purchased at a restaurant named Simply Wholesome in 2015. At trial Ms. Chancellor testified that at these meals she "talked strategies" with friends, acquaintances, and people who "want[ed] her to do some work" at these meals, with Ms. Chancellor picking up the bill. As an initial matter, Ms. Chancellor's vague and general testimony about these meals is insufficient to establish a connection between her expenditures and her business.

**[\*12]** <u>See, e.g.</u>, <u>Sham v. Commissioner</u>, at \*58.  Moreover, Ms. Chancellor failed to introduce adequate records or other sufficient evidence corroborating her testimony as to business purpose, as required by section 274(d).  <u>See</u> <u>Smith v. Commissioner</u>, T.C. Memo. 2018-127, at \*25.  We thus conclude that Ms. Chancellor is not entitled to deduct these expenses.  <u>See</u> <u>Alexander v. Commissioner</u>, T.C. Memo. 2016-214, at \*20-\*21 (concluding that a handwritten ledger with no explanations regarding the business purpose of reported meals or the taxpayer's business relationship to his alleged dining companions was insufficient under section 274(d)); <u>see also</u> <u>Weiderman v. Commissioner</u>, T.C. Memo. 2020-109, at \*36-\*37; <u>DeLima v. Commissioner</u>, T.C. Memo. 2012-291, at \*27.

####             b.      Car and Truck Expenses

Ms. Chancellor reported on Schedule C car and truck expenses of $12,600. She testified at trial that she owned only one car, a Honda Civic, during 2015 and that she determined her business mileage (5,500 miles) by comparing the odometer readings at the beginning and end of the year and "kind of like subtract from that".  She further testified that the $12,600 did not represent her actual expenses but that

**[\*13]** she calculated that amount by multiplying 5,500 business miles by the then-applicable standard mileage rate.[6]

Again, Ms. Chancellor's evidence falls short of the substantiation required by section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(i); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016. Although she was entitled to use a standard mileage rate as established by the IRS, this method did not remove her obligation to substantiate the amount of business mileage and the date and purpose of each use. See sec. 1.274-5(j)(2), Income Tax Regs. The record is devoid of credible evidence showing where Ms. Chancellor drove, the purpose of each trip, or her business relationship to the places visited. Furthermore, she conceded that she used her car for both business and personal activities without introducing any credible evidence to establish the relative amounts of personal and business mileage. We thus sustain the IRS' conclusion on this point. See

---

[6]Although Ms. Chancellor testified at trial that she derived her car and vehicle expenses of $12,600 from her vehicle mileage, she also hinted that this amount may have included expenditures on gas. Ms. Chancellor may claim deductions for one or the other (i.e., actual expenses or the standard mileage rate), not both. See Kavuma v. Commissioner, T.C. Memo. 2016-101, at \*19. As she has not provided any evidence as to actual expenses, we assume that Ms. Chancellor's deduction is based on the standard mileage rate.

[*14] Beaubrun v. Commissioner, at *7-*8; DeLima v. Commissioner, at *13-*16;

sec. 1.274-5T(c)(1)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018-46019.[7]

### 2. Expenses Not Subject to Section 274(d) Requirements

#### a. Utilities

Ms. Chancellor reported on Schedule C utilities expenses of $920. She

testified at trial that in 2015 she lived with her son and that she used part of her

bedroom as a workspace. According to Ms. Chancellor, the expenses represented

her share of the household utilities. Ms. Chancellor did not claim a home office

deduction for 2015, and she introduced no evidence (aside from her unconvincing

testimony) to persuade us that any part of her bedroom was "exclusively used on a

regular basis" for the conduct of her businesses. See sec. 280A(c)(1); see also

McRae v. Commissioner, T.C. Memo. 2019-163, at *16-*17. We accordingly

sustain the IRS' disallowance of this deduction.

---

[7]Ms. Chancellor also reported on Schedule C insurance expenses of $1,030, which represented her 2015 car insurance payments. "[T]o the extent that petitioner claimed deductions based on standard mileage amounts * * * [she] is not entitled to add actual expenses", including car insurance payments. Archer v. Commissioner, T.C. Memo. 2018-111, at *12, aff'd, 821 F. App'x 865 (9th Cir. 2020); see also Nash v. Commissioner, 60 T.C. 503, 520 (1973); sec. 1.274-5(j)(2), Income Tax Regs. Even had she not elected the standard mileage rate, she has not substantiated the business percentage of her vehicle use, as necessary to determine the deductible portion of her insurance expenses. See Archer v. Commissioner, at *12; DeLima v. Commissioner, T.C. Memo. 2012-291, at *16.

**[*15]**          b.      <u>Legal and Professional Services Expenses</u>

Ms. Chancellor reported on Schedule C legal and professional services expenses of $700. At trial she testified that she incurred these expenses in connection with the probate process for her late brother's estate, supporting her testimony with some documentary evidence including an invoice showing a payment of $150 to California Crusaders Newspaper to publish a probate notice. Although Ms. Chancellor has substantiated the amounts of these expenditures, she has failed to introduce evidence showing that these expenses "had a reasonably direct relationship to * * * [her] trade or business." <u>See</u> <u>Sham v. Commissioner</u>, at *58. Again, we sustain the IRS' determination on this point.

         c.      <u>Advertising expenses</u>

Ms. Chancellor reported on Schedule C advertising expenses of $80, and respondent has conceded $25 on the basis of a printing company receipt. At trial Ms. Chancellor testified that she also purchased business cards during 2015 and that, for a week, she had "something that was on the internet that could help promote" her business. Ms. Chancellor's testimony on both points was vague and not persuasive, and she offered no evidence (such as one of her business cards) that might corroborate her story. We therefore sustain the IRS' disallowance of this deduction subject to the $25 concession.

[*16]             d.     Other Expenses

Ms. Chancellor reported on Schedule C $2,320 of other expenses, divided between "Computer/Internet" expenses of $2,200 and "P.O. Box" expenses of $120.[8]  At trial Ms. Chancellor testified that the first category included expenses she paid to obtain a replacement computer for one that had been stolen and the "monthly internet bill I get".  Although Ms. Chancellor acknowledged that she did not use her computer exclusively for business purposes, she did not offer any testimony or other evidence demonstrating the division between personal and business use.  Nor did she testify as to the computer's cost or the amount of her internet bill.

Ms. Chancellor further testified that she rented a post office box in 2015 to receive business mail.  Ms. Chancellor failed to offer any support of her vague testimony that she actually incurred such an expense in 2015, with the only documentary evidence showing a renewal notice for 2018.  Although we find credible her testimony that she wished her business mail to be delivered to a post

---

[8]We note that in 2015 computers were listed property under sec. 280F(d)(4)(A) and thus subject to strict substantiation under sec. 274.  Ms. Chancellor groups her computer, internet, and post office box expenses together, and we will treat them in like fashion.  As we explain Ms. Chancellor fails to supply adequate substantiation for any of these expenses, even under the less stringent standard governing nonlisted property.

**[\*17]** office box, the evidence is insufficient for us to conclude that she paid such an expense during the year in issue.

We accordingly sustain the IRS' disallowance of the deduction for other expenses.

### e. Application of Cohan Rule

Ms. Chancellor argues that she lacked substantiation for the expenses discussed above because her business records were stolen in 2017. Although she urges that we estimate her expenses by applying the Cohan rule, we decline to do so.

As explained above, the Cohan rule establishes that the Court may in some instances estimate an allowable deduction where a taxpayer adequately establishes that she paid or incurred a deductible expense but does not establish the precise amount. See Cohan v. Commissioner, 39 F.2d at 543-544. But the taxpayer must establish that she is entitled to some deduction, see Norgaard v. Commissioner, 939 F.2d 874, 879 (9th Cir. 1991), aff'g in part, rev'g in part T.C. Memo. 1989-390, and must provide some basis for such an estimate, see Vanicek v. Commissioner, 85 T.C. at 742-743. If a taxpayer alleges that her records were lost through no fault of hers, she must reasonably reconstruct the missing records through contacts with third parties and other reasonable means. See Gizzi v.

**[*18]** <u>Commissioner</u>, 65 T.C. 342, 346 (1975); <u>see also</u> <u>Harlan v. Commissioner</u>, T.C. Memo. 1995-309, 1995 WL 412146, at *3 (stating that the Tax Court would not allow estimates when taxpayer documents were destroyed by a wind and hail storm and the taxpayer failed to make efforts to reconstruct the records), <u>aff'd in part, rev'd in part on other grounds</u>, 103 F.3d 138 (9th Cir. 1996).

We will not apply the <u>Cohan</u> rule to estimate Ms. Chancellor's alleged business expenses. Assuming arguendo that her records are no longer available on account of circumstances beyond her control, she has failed to reasonably reconstruct them. Additionally, as explained above, we doubt that she qualifies for a business expense deduction for any of the relevant expenses (utilities, legal and professional, advertising, and other expenses) other than the amounts respondent conceded. At best the evidence she provided showed a mixture of personal and (potential) business expenses, with Ms. Chancellor making no credible effort to distinguish between the two. <u>See</u> <u>Rogers v. Commissioner</u>, at *28-*29. We thus have no basis for any estimate.

**[*19]** IV.    Conclusion

In sum we conclude that Ms. Chancellor has failed to prove her entitlement to her claimed business expense deductions and itemized deductions beyond those conceded by respondent.[9]

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[9]We pause to address two additional points.  First, Ms. Chancellor complained that the IRS erroneously processed an $86.25 tax payment as $8,625, which caused an overdraft at her bank.  This matter unfortunately lies outside our limited deficiency jurisdiction authorized by Congress, so we cannot consider it. See Naftel v. Commissioner, 85 T.C. 527, 529-530 (1985).  Second, Ms. Chancellor asserts that the IRS has determined self-employment tax against her. The record contains no support for this assertion.