T.C. Summary Opinion 2021-28

UNITED STATES TAX COURT

EARL R. DETWILER AND DIANA M. DETWILER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23786-18S.          Filed August 17, 2021.

Earl R. Detwiler, pro se.

Robert C. Teutsch and Douglas S. Polsky, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]  Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in Federal income tax of $5,490 and an accuracy-related penalty of $1,098 for tax year 2015. After concessions,[2] we must decide whether petitioners are entitled to deduct: (1) $7,170 for unreimbursed employee business expenses and (2) $38,104 for medical expenses.

Background

Petitioner Earl R. Detwiler (petitioner husband) and respondent stipulated some of the facts, and those facts are so found.[3] The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Kansas when they filed the petition.

Petitioner husband is a retired minister for the United Methodist Church. In 2015 he worked as a chaplain for Tyson Fresh Foods (Tyson) in Emporia, Kansas. As chaplain petitioner husband's primary responsibility was to make regular

---

[2] Respondent concedes that petitioners are not liable for the sec. 6662(a) penalty.

[3] Petitioner Diana M. Detwiler (petitioner wife) did not sign the stipulation of facts between petitioner husband and respondent. Nor did she appear at the trial. Respondent made an oral motion to dismiss for lack of prosecution as to petitioner wife. We granted that motion and will enter a decision with respect to petitioner wife that is the same as the decision that we will enter with respect to petitioner husband.

pastoral rounds at Tyson's plant and other worksites. Petitioner husband was also responsible for, among other things, providing formal pastoral counseling to Tyson employees upon their request.

Petitioners filed Form 1040, U.S. Individual Income Tax Return, for 2015. On their Schedule A, Itemized Deductions, petitioners reported unreimbursed employee business expenses as follows: (1) excess educator expenses of $2,098, (2) mileage of $216, (3) travel expenses of $127, (4) meals and entertainment of $349, and (5) other expenses of $4,380. They also claimed a deduction for medical expenses of $38,104.[4]

On August 29, 2018, respondent issued a notice of deficiency to petitioners for their 2015 tax year. Therein respondent disallowed $5,208 of the $7,170 petitioners had reported as unreimbursed employee business expenses. Respondent also disallowed $31,409 of the $38,104 petitioners had reported as medical expenses.

Petitioners timely petitioned this Court, and trial was held in Wichita, Kansas.

---

[4] With respect to petitioners' deductions for medical and unreimbursed employee business expenses, we state the amounts before application of the limitations under secs. 67(a) and 213(a).

## Discussion

I.    Deductions in General

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.[5]  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to the deduction claimed.  See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  The taxpayer must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been

---

[5] Sec. 7491(a) provides that if, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtit. A or B and meets other prerequisites, the Commissioner shall have the burden of proof with respect to that issue.  Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).  However, petitioners have neither claimed nor shown that they satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent.  Accordingly, petitioners bear the burden of proof.  See Rule 142(a).

paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90

(1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Hershberger v.

Commissioner, T.C. Memo. 2014-63, at *7-*8.

II.     Unreimbursed Employee Business Expenses

On their return petitioners claimed a deduction of $7,170 for unreimbursed

employee business expenses comprising excess educator, mileage, travel, meals

and entertainment, and other expenses.  Respondent determined that petitioners

had substantiated only $1,962 of that amount.  Respondent contends, among other

arguments, that petitioners failed to substantiate their reported expenses in amounts

greater than allowed in the deficiency notice.  For the reasons below we agree.

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses

paid or incurred by the taxpayer in carrying on a trade or business; but personal,

living, or family expenses are not deductible.  Secs. 162(a), 262(a).  Whether an

expense is deductible pursuant to section 162 is a question of fact to be decided on

the basis of all relevant facts and circumstances.  Cloud v. Commissioner, 97 T.C.

613, 618 (1991) (citing Commissioner v. Heininger, 320 U.S. 467, 473-475

(1943)).

If the taxpayer can establish that he paid or incurred a deductible expense

but cannot substantiate the precise amount, the Court may approximate the

deductible amount of the expense (Cohan rule). See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, the taxpayer must present sufficient evidence to establish a rational basis for making the estimate. See id.; Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

For certain kinds of business expenses, section 274(d) overrides the Cohan rule. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d) provides that no deduction is allowed with respect to travel, entertainment, or listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of the expense or item, (2) the time and place of the travel, entertainment, or expense, (3) the business purpose of the entertainment or expense, and (4) the business relationship to the taxpayer of the person or persons entertained.

To substantiate the expenses at issue, petitioners submitted a handwritten check register for 2015. However, many of the payments therein appear to be personal. Although petitioner husband testified that his reported expenses arose

from his use of a home office,[6] he did not identify any payments in the check register that pertain to his employment at Tyson. Furthermore, the record does not specify which expenses respondent allowed in determining that petitioners were entitled to deduct $1,962. Consequently, it is difficult to discern what particular expenses remain in dispute. We therefore lack a reasonable basis for estimating petitioners' expenses under the Cohan rule. See Vanicek v. Commissioner, 85 T.C. at 742-743.

Even if we had a reasonable basis for making an estimate, section 274(d) would still preclude us from allowing petitioners a deduction for mileage, travel, and meals and entertainment expenses. The check register does not establish the time, location, or business purpose of the reported mileage and travel expenses. With respect to meal and entertainment expenses, the check register does not show the business purpose of the expenses or the business relationship between petitioner husband and the persons entertained. We therefore sustain respondent's partial disallowance of petitioners' deduction for unreimbursed employee business expenses.

---

[6] Respondent disputes petitioner husband's entitlement to a deduction for unreimbursed employee business expenses arising from the use of a home office. We need not resolve this issue in the light of our holding herein.

III.    Medical Expenses

On their return petitioners claimed a deduction of $38,104 for medical expenses.  In the notice of deficiency respondent determined that petitioners had substantiated only $6,695 of that amount.  For the below reasons we sustain respondent's determination.

A taxpayer may deduct expenses paid during the taxable year, not compensated by insurance or otherwise, for the medical care of the taxpayer, his spouse, and his dependents.  Sec. 213(a); Estate of Smith v. Commissioner, 79 T.C. 313, 318 (1982).  The taxpayer must substantiate medical expense deductions with "the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case."  Sec. 1.213-1(h), Income Tax Regs.

During trial petitioner husband testified that he and petitioner wife had medical expenses arising from petitioner wife's back reconstruction surgery in 2014.  However, he did not identify the names and addresses of the payees or the amounts paid thereto, and we cannot decipher that information from the check register in the record.  See id.  We therefore sustain respondent's partial disallowance of petitioners' deduction for medical expenses.

IV. <u>Conclusion</u>

Petitioners are not entitled to deductions for unreimbursed employee business expenses and medical expenses in excess of the amounts respondent allowed. We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty</u>.